UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: GLENN RICHARD UNDERWOOD

       Debtor.
_____/

GLENN RICHARD UNDERWOOD,

       Appellant,

v.

PATRICIA SELENT, ET AL.,

       APPELLEES.
_____/

Civil Case No. 16-11752
Honorable Linda V. Parker

Bankr. Case No. 06-55754
Adv. Pro. No. 14-4966
Honorable Thomas J. Tucker

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART APPELLANT'S MOTION FOR LEAVE TO APPEAL

      This matter is before the Court as an appeal from the United States Bankruptcy Court for the Eastern District of Michigan, the Honorable Thomas J. Tucker presiding.  This is the third appeal Debtor and Appellant Glenn Richard Underwood ("Underwood") has filed arising from his Chapter 11 bankruptcy case and the adversary proceedings he commenced against several judgment creditors and the bankruptcy liquidating trustee, Gene R. Kohut ("Liquidating Trustee"). This Court dismissed Underwood's first appeal (Civil Case No. 15-10155) as untimely and recently issued a decision in his second appeal (Civil Case No. 15-12563) affirming the bankruptcy court's decisions.  Underwood now seeks to

appeal Judge Tucker's May 5, 2016 order in the Chapter 11 case overruling his objections to the Liquidating Trustee's proposed sale of real property commonly known as Lots 81 and 82, 9230 Dixie Highway, Clarkston, Michigan 48348 ("Dixie Highway Property").

## Background

Underwood filed for Chapter 11 bankruptcy to protect himself from a judgment entered against him in the Circuit Court for Oakland County, Michigan and in favor of several of his family members: Julie McCarver, Jane Staebell, Patricia Selent, Thomas Underwood, Julia Snead, Lynda Carto, and D. Jeanette Sullivan (hereafter "Judgment Creditors"). After granting summary judgment in favor of the Judgment Creditors, the circuit court judge entered a judgment in the amount of $392,752, plus interest, against Underwood. Underwood appealed and the Michigan Court of Appeals affirmed the grant of summary disposition to the Judgment Creditors, but vacated the judgment and remanded the matter for re-calculation of damages. On remand, the Oakland County Circuit judge entered a revised judgment of $200,923 against Underwood.

On July 24, 2007, while the appeal was pending, the bankruptcy court entered an order confirming Underwood's Chapter 11 bankruptcy plan. Order, *In re Underwood*, No. 06-55754 (Bankr. E.D. Mich. July 24, 2007), ECF No. 114. The bankruptcy plan provides that the Judgment Creditors possess allowed claims

against Underwood "only to the extent that [they] are deemed to have a claim against [Underwood] after all appellate rights are exhausted by [Underwood] and the claims by the Judgment Creditors … against [Underwood] are both final and non-appealable under the laws of the State of Michigan." *Id*. at 2-3. The amount of the claims, the plan states, is in the amount determined by the Michigan courts. *Id*. at 4. The plan requires Underwood to pay the Judgment Creditors "by the later of (1) May 31, 2008; or (2) ten (10) days after all appellate rights are exhausted by [Underwood] and the claims by the Judgment Creditors … against [Underwood] are both final and non-appealable under the laws of the State of Michigan ('Disbursement Date')." *Id*.

Pursuant to a stipulation between Underwood and the Judgment Creditors, the bankruptcy plan was modified on October 13, 2008. Stip. & Order, *id*., ECF No. 169. The modified plan requires Underwood *inter alia* to execute quit claim deeds to the Liquidating Trustee with respect to the following properties: (a) 6086 and 6185 White Lake Road, White Lake, MI; (b) 9230 Dixie Highway (with four lots), Clarkston, MI; (c) 9237 Hillcrest, Clarkston, MI; and (d) 137 Hudson and 158 Summit (4 units), Pontiac, MI. The modified plan orders the Liquidating Trustee to "hold the quit claim deeds in escrow and not record the same until twenty (20) days after all appellate rights are exhausted by [Underwood] and the claims by the Judgment Creditors … against [Underwood] are both final and non-

appealable under the laws of the State of Michigan." *Id.* at 3.  The modified bankruptcy plan provides that, after such time, the Liquidating Trustee may record the deeds and "to the extent reasonably necessary … effectuate the sale of such real property in order to satisfy any outstanding obligation to the Judgment Creditors on Appeal or the Liquidating [Trustee]." *Id.*

Underwood filed multiple lawsuits in the state courts seeking to overturn the Oakland County Circuit Court's judgment.  His attempts were unsuccessful.  Underwood then initiated adversary proceedings in the bankruptcy court against the Judgment Creditors and Liquidating Trustee, again attempting to challenge the validity of the state court judgment.  In his adversary complaint, Underwood also alleged that the Liquidating Trustee had wrongfully transferred some of the above-referenced properties directly to the Judgment Creditors.

In a December 10, 2014 decision, Judge Tucker rejected Underwood's challenges to the state court judgment.  In a July 9, 2015 decision, Judge Tucker concluded that the Liquidating Trustee lacked the authority to transfer the properties directly to the Judgment Creditors and ordered that they be transferred back to the Liquidating Trustee and that the Liquidating Trustee then be allowed to perform the duties required of him with respect to the properties in accordance with the modified bankruptcy plan.  The current appeal arises only from the Liquidating Trustee's attempt to sell the Dixie Highway Property.

On February 2, 2016, the Liquidating Trustee—in accordance with procedures outlined in the modified bankruptcy plan—filed and served a 15-day notice of his intention to sell the Dixie Highway Property for the sum of $65,000 to Angona Construction Company. Cert. of Service, *In re Underwood*, No. 06-55754 (Bankr. E.D. Mich. filed Feb. 2, 2016), ECF No. 224. Underwood filed an objection to the sale on February 16, 2016. Obj., *id.*, ECF No. 225. In addition to claiming that the sale price was too low, Underwood objected based on many of the same arguments he has raised in numerous state and federal court proceedings to challenge the state court judgment. *Id.* On February 29, 2016, Judge Tucker issued an order overruling all of Underwood's objections except for his sale price objection. Order, *id.*, ECF No. 227. On March 16, 2016, Judge Tucker held a hearing to address the remaining objection and ordered additional briefing and the submission of relevant evidence. *Id.*

On May 5, 2016, after receiving and reviewing the additional submissions, Judge Tucker entered an order overruling Underwood's objection to the Liquidating Trustee's sale of the Dixie Highway Property. Order*, id.*, ECF No. 240. Judge Tucker found and concluded "that the Liquidating [Trustee]'s business judgment—that the proposed sale price for the Property is a fair price—is a 'reasonable business judgment,' within the meaning of the October 14, 2008 Order modifying the Debtor's confirmed Chapter 11 plan." *Id.* at 2. Judge Tucker

5

ordered that the Liquidating Trustee may close the proposed sale and stated that his order was effective immediately. *Id*. at 6.

## Analysis

A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (citations omitted). "[W]here an order in a bankruptcy case finally dispose[s] of discrete disputes within the larger case, it may be appealed immediately." *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 579 (6th Cir.2008). A bankruptcy court's order authorizing the sale of property of the estate is an appealable final order.[1] *In re LWD, Inc.*, 335 F. App'x 523, 528 (6th Cir. 2009) (citing *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 543 (7th Cir. 2003); *Winget*, 537 F.3d at 578). Thus, this Court concludes that Underwood should be allowed to appeal Judge Tucker's May 5, 2016 order.

That order only addressed Underwood's objection to the sale price for the Dixie Highway Property. Underwood's motion for leave to appeal reflects that he intends to argue before this Court that Judge Tucker's evaluation of the proeprty's value was wrong. It also reflects, however, that he intends to re-litigate arguments

---

[1] It is not evident to this Court that the Dixie Highway Property was property of the estate when Judge Tucker entered his order allowing for its sale.

6

regarding the validity of the Oakland County Circuit Court judgment. Underwood has challenged the validity of the judgment in several state court proceedings, leading the Michigan Court of Appeals to conclude that his continued pursuit of those issues was vexatious. He also attempted to raise the same challenges in the bankruptcy court. As set forth in this Court's opinion and order in Underwood's second bankruptcy appeal, he is barred by the *Rooker-Feldman* doctrine and principles of estoppel from re-litigating these issues. He may not use the current appeal as another attempt to do so.

As such, the only issue this Court will entertain on appeal is whether Judge Tucker abused his discretion in concluding "that the Liquidating [Trustee]'s business judgment—that the proposed sale price for the Property is a fair price—is a 'reasonable business judgment,' within the meaning of the October 14, 2008 Order modifying the Debtor's confirmed Chapter 11 plan."

Accordingly,

**IT IS ORDERED** that Appellant's motion for leave to appeal is **GRANTED IN PART AND DENIED IN PART** in that the only issue this Court will consider on appeal is whether Judge Tucker abused his discretion in concluding "that the Liquidating [Trustee]'s business judgment—that the proposed sale price for the Property is a fair price—is a 'reasonable business judgment,'

within the meaning of the October 14, 2008 Order modifying the Debtor's confirmed Chapter 11 plan."

**IT IS FURTHER ORDERED** that Appellant's brief shall be filed on or before **March 31, 2017**; Appellees' briefs are due on or before **May 1, 2017**; Appellant's reply brief is due on or before **May 15, 2017**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 13, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 13, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager