UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: GLENN RICHARD UNDERWOOD

        Debtor.
_____/

GLENN RICHARD UNDERWOOD,

        Appellant,

v.

PATRICIA SELENT, ET AL.,

        APPELLEES.
_____/

Civil Case No. 16-11752
Honorable Linda V. Parker

Bankr. Case No. 06-55754
Adv. Pro. No. 14-4966
Honorable Thomas J. Tucker

## OPINION AND ORDER DISMISSING BANKRUPTCY APPEAL AS MOOT

This matter is before the Court as an appeal from the United States Bankruptcy Court for the Eastern District of Michigan, the Honorable Thomas J. Tucker presiding. This is the third appeal Debtor and Appellant Glenn Richard Underwood ("Underwood") has filed arising from his Chapter 11 bankruptcy case and the adversary proceedings he commenced against several judgment creditors and the bankruptcy liquidating trustee, Gene R. Kohut ("Liquidating Trustee"). This Court dismissed Underwood's first appeal (Civil Case No. 15-10155) as untimely and affirmed the bankruptcy court's decisions in his second appeal (Civil Case No. 15-12563). In the present matter, Underwood moved to appeal Judge Tucker's May 5, 2016 order in the Chapter 11 case. In that order, Judge Tucker overruled

Underwood's objections to the Liquidating Trustee's proposed sale of real property commonly known as Lots 81 and 82, 9230 Dixie Highway, Clarkston, Michigan 48348 ("Dixie Highway Property").

In an opinion and order entered March 13, 2017, this Court granted in part and denied in part Underwood's motion for leave to appeal. Specifically, the Court limited the issue on appeal to the following:

> [W]hether Judge Tucker abused his discretion in concluding that the Liquidating Trustee's business judgment—that the proposed sale price for the Property is a fair price—is a "reasonable business judgment," within the meaning of the October 14, 2008 Order modifying the Debtor's confirmed Chapter 11 plan.

(ECF No. 3 at Pg ID 224, additional quotation marks omitted.) The Court therefore precluded Underwood from re-litigating several issues he raised in his motion for leave to appeal that where decided against him in his earlier appeal.

**Background**

This Court assumes the reader's familiarity with the background of this bankruptcy matter from earlier decisions in this and Underwood's previous appeal and will include here only the facts necessary to resolve this appeal.

On February 2, 2016, the Liquidating Trustee—in accordance with procedures outlined in the modified bankruptcy plan—filed and served a 15-day notice of his intention to sell the Dixie Highway Property for the sum of $65,000 to Angona Construction Company ("Angona"). Cert. of Service, *In re Underwood*, No. 06-

2

55754 (Bankr. E.D. Mich. filed Feb. 2, 2016), ECF No. 224. Underwood filed an objection to the sale on February 16, 2016. Obj., *id.*, ECF No. 225. In addition to claiming that the sale price was too low, Underwood objected based on many of the same arguments he raised in numerous earlier state and federal court proceedings. *Id.* On February 29, 2016, Judge Tucker issued an order overruling all of Underwood's objections except for his sale price objection. Order, *id.*, ECF No. 227. On March 16, 2016, Judge Tucker held a hearing to address the remaining objection and ordered additional briefing and the submission of relevant evidence. *Id.*

On May 5, 2016, after receiving and reviewing the additional submissions, Judge Tucker entered an order overruling Underwood's objection to the Liquidating Trustee's sale of the Dixie Highway Property. Order, *id.*, ECF No. 240. Judge Tucker found and concluded "that the Liquidating [Trustee]'s business judgment— that the proposed sale price for the Property is a fair price—is a 'reasonable business judgment,' within the meaning of the October 14, 2008 Order modifying the Debtor's confirmed Chapter 11 plan." *Id.* at 2. Judge Tucker ordered that the Liquidating Trustee may close the proposed sale and stated that his order was effective immediately. *Id.* at 6.

On May 17, 2016, Underwood moved for leave to appeal Judge Tucker's May 5, 2016 decision. Mot. for Leave to Appeal, *id.*, ECF No. 241. Underwood did not seek a stay of the order allowing the Liquidating Trustee to sell the Dixie Highway Property to Angona. The sale was completed and the Liquidating Trustee is holding

3

the proceeds of the sale in a trust account. (Appellee Br., Ex. 3 at 3, ECF No. 6-3 at Pg ID 434.)

## Standard of Review

On appeal from the judgment of the bankruptcy court, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard but reviews de novo the bankruptcy court's conclusions of law. *In re Isaacman*, 26 F.3d 629, 631 (6th Cir.1994).

## Applicable Law & Analysis

Generally, a case is moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citing *Powell v. McCormack*, 395 U.S. 486, 497 (1969)). Mootness is found only after determining if an actual controversy exists between the parties in light of intervening circumstances. *Fleet Aerospace Corp. v. Holderman*, 848 F.2d 720, 723 (6th Cir. 1988). A controversy is no longer "live" if the reviewing court is incapable of rendering effective relief or restoring the parties to their original position. *Mills v. Green*, 159 U.S. 651, 653 (1985). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Osborn v. Durant Bank & Trust Co. (In re Osborn)*, 24 F.3d 1199, 1203 (10th Cir. 1994) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

4

In addition to this general principle of mootness, courts dealing with bankruptcy issues adhere to a "bankruptcy mootness rule." The Sixth Circuit Court of Appeals described the rule as follows:

> "Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets." *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1171 (9th Cir. 1988). The bankruptcy mootness rule differs from general mootness law because it is based on "the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy." *Id*. at 1172 (emphasis added) (citation omitted). *See also Miami Ctr. Ltd. Partnership v. Bank of New York*, 838 F.2d 1547, 1553-54 (11th Cir.), *cert. denied*, 488 U.S. 823, 109 S. Ct. 69, 102 L.Ed.2d 46 (1988) ("Bankruptcy's mootness rule is premised upon considerations of finality, protection of the integrity of the foreclosure sale process, and the court's inability to rescind the sale and grant relief on appeal even if the purchaser of the property is a party to the appeal ...." (citation omitted)).

*In re 255 Park Plaza Associates Ltd. P'ship*, 100 F.3d 1214, 1216 (6th Cir. 1996) (brackets omitted). The rule is codified in the Bankruptcy Code at 11 U.S.C. § 363(m).[1] The purpose of the bankruptcy mootness rule is to provide finality to

---

[1] 11 U.S.C. § 636(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal,

5

bankruptcy court orders and "to protect the integrity of the judicial sale process upon which good faith purchasers rely." *In re Lashley*, 825 F.2d 362, 364 (11th Cir. 1987) (internal quotation marks and citation omitted); *Weingarten Nostat, Inc. v. Serv. Merch. Co.*, 396 F.3d 737, 741 (6th Cir. 2005).

Here, the Court cannot grant Underwood any effective relief. He failed to seek a stay of Judge Tucker's May 5, 2016 order and the sale of the Dixie Highway Property to Algona was completed. This rendered his appeal of Judge Tucker's decision moot.

Accordingly,

**IT IS ORDERED** that this bankruptcy appeal is **DISMISSED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 16, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 16, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager

---

unless such authorization and such sale or lease were stayed pending appeal.